UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN CAMPOS, ROBERTO BARAHONA, and MARTIN MORALES | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-01362 |
| HMK MORTGAGE, LLC and HMK, LTD., | § § § | |
| Defendants. | § § | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS
TO PROPERLY RESPOND TO DISCOVERY REQUESTS**

Plaintiffs file this Motion to Compel pursuant to Federal Rule of Civil Procedure 37 respectfully requesting the Court to compel Defendants HMK Mortgage, LLC and HMK, Ltd. to properly respond to Plaintiffs' discovery requests. Specifically, Plaintiffs request the Court strike Defendants' objections and compel complete and appropriate responses to specifically enumerated Interrogatories, Requests for Production, and Requests for Admission. Defendants have proffered evasive and incomplete discovery responses and are admittedly withholding relevant documents based on improper and unnecessary objections. In support of this Motion to Compel, Plaintiffs show the following:

FACTUAL BACKGROUND

In May of 2018, Plaintiffs Julian Campos and Roberto Barahona filed a lawsuit against Defendant HMK Mortgage, LLC for violating their right to be free from discrimination in housing and consumer protections for homebuyers by failing to provide required disclosures and taking advantage of their membership in protected classes to induce them to sign illegal, unfavorable loans that deny them true homeownership. Defendant HMK Mortgage, LLC filed an Answer in July of 2018. In August of 2018, the Court issued its Scheduling Order pursuant to Rule 16(b) of

the Federal Rules of Civil Procedure. Doc. 13. The Scheduling Order set the discovery deadline for December 2, 2019 and the deadline for motions related to discovery on December 9, 2019.

In November of 2018, Plaintiffs electronically filed and served counsel for Defendants with their motion for leave to file their First Amended Complaint, which added HMK Ltd. as a defendant along with Mr. Morales as a plaintiff and claims relevant to him. The Court granted the Plaintiffs' motion for leave in May of 2019, and ordered that the Plaintiffs' First Amended Complaint be docketed and filed. Doc. 31. The Court granted Plaintiffs' motion to add claims for retaliation and docketed Plaintiffs' Second Amended Complaint in June of 2019. Doc. 39. Plaintiffs incorporate their complaints into this document. In the spirit of brevity, Plaintiffs bring claims against Defendants under the Truth in Lending Act (TILA), federal and state Fair Housing Act (FHA), Equal Credit Opportunity Act (ECOA), Texas Deceptive Trade Practices Act (DTPA), Americans with Disabilities Act (ADA), and state disability laws.

During the discovery period, Plaintiffs served four sets of discovery requests on the Defendants: on August 3, 2018, October 5, 2018, December 7, 2018, and May 31, 2019. *See* Exhibit A. Notably, Defendants failed to respond in a timely manner to the last set of Plaintiffs' discovery requests, and any objections it made on September 4, 2019, months after the deadline passed, are waived pursuant to Tex R. Civ. P. 33(b) and 34(b)(2). Many of Defendants' earlier responses were deficient in numerous respects. Counsel for Plaintiffs reached out to Defendants in an effort to be proactive over a year ago regarding these deficiencies, but Defendants have repeatedly refused to offer a remedy.

Plaintiffs file this Motion to Compel as a last resort after having made numerous efforts to resolve this discovery dispute, including multiple phone calls with Defendants' counsel and detailed written letters on November 12, 2018, December 7, December 19, January 10, 2019,

January 25, February 6, May 23, June 14, July 22, August 21, October 10, 2019, November 7, and December 5. *See* Exhibit B. Plaintiffs are happy to furnish the Court with copies of all previous correspondence, but only attach the letter of December 5, 2019 for purposes of brevity. In spite of Plaintiffs' efforts to resolve these matters, Defendants have been largely unresponsive and uncooperative.

Plaintiffs have also endeavored to reduce the number of discovery requests it moves to compel in this motion by diligently seeking the responses it requests through other sources. At the request of Defendants, Plaintiffs' counsel expended hundreds of dollars to obtain mortgage records from a subscription service. Defendants forced Plaintiffs to take longer, more costly depositions in order to ask numerous questions that should have been answered by earlier written discovery requests. Plaintiffs have done everything they can to reduce the burden of this motion on the Court.

## ARGUMENTS AND AUTHORITIES

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

A response to a request for production of documents must either state that the inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. FED. R. CIV. P. 34(b)(2)(B). The Fifth Circuit holds that a party opposing the production of requested information bears the burden to "show specifically how … each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal citations

omitted). Defendants cannot make such a showing for the information described below, and the case law makes it clear Plaintiffs are entitled to each category of information sought from Defendants.

A party responding to interrogatories must answer each interrogatory separately and fully in writing and under oath, unless an objection is asserted. FED. R. CIV. P. 33(b)(3). Any objection must be stated with specificity. FED. R. CIV. P. 33(b)(4). If a party fails to fully answer an interrogatory or a request for production, the party seeking the discovery may move for an order compelling an answer to that discovery request. FED. R. CIV. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4). The Court should treat Defendants' answers as such and order proper responses.

Plaintiffs identify the responses in which Defendants failed to provide information sufficient to comply with the Federal Rules of Civil Procedure and explain why Defendants should be compelled to properly respond to these specific requests below:

*Martin Morales's First Requests for Admission No. 24: Please admit that Defendant's office was renovated, altered, or modified after March 15, 2012.*

    Admit:_____        Deny:_____x_____

*Martin Morales's First Requests for Production No. 24: If you denied Martin Morales's Request for Admission No. 24, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.*

*RESPONSE: HMK Mortgage, LLC has no such documents.*

*Martin Morales's First Requests for Admission No. 25: Please admit that the parking lot outside of Defendant's office was renovated, altered, or modified after March 15, 2012.*

    Admit:_____        Deny:_____x_____

*Julian Campos's First Requests for Admission No. 5: Please admit that Defendant renovated, altered, or modified its parking lot after 2011.*

4

   *Admit:*_____        *Deny:*\_\_\_\_x_____

*Julian Campos's Second Requests for Production No. 5*: *If you denied Julian Campos's Request for Admission No. 5, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.*

RESPONSE: *All responsive documents have been previously provided, see objection and response to RFP #`1 incorporated herein, as if set forth fully hereby..*

Date-stamped satellite images indicate that Defendants falsely denied these Requests for Admission and failed to produce any documents responsive to Request for Production No. 5. Defendants should either admit or produce responsive documentation.

*Roberto Barahona's First Requests for Admission No. 4*: *Please admit that HMK Mortgage, LLC, extended consumer credit which is payable by agreement in more than four installments more than once in a 12-month period.*

   *Admit:*_____        *Deny:*\_\_\_\_x_____

This Request for Admission seeks to establish a threshold matter under the Truth in Lending Act, under which the Plaintiffs have brought multiple claims. Under the Truth in Lending Act, the term "creditor" refers "only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C.A § 1602 (g). Defendants raised no objection and are unreasonable in denying this admission when they know full and well that the Plaintiffs

signed mortgage loans with HMK Mortgage, LLC, a creditor under the Truth in Lending Act to which they are required to make monthly payments for 20 years.

*Roberto Barahona's First Requests for Admission No. 7*: *Please admit that HMK Mortgage, LLC did not conduct a credit check on Roberto Barahona prior to October 12, 2017.*

    *Admit:*_____                    *Deny:*____x_____

Defendants' staff have testified in depositions that no credit check was conducted for any of the Plaintiffs at any time. *See* Exhibit C. If Defendants refuse to admit this request, they should be sanctioned for providing false information in response to a request for admission and compelled to respond truthfully.

*Roberto Barahona's First Requests for Admission No. 14*: *Please admit that HMK Ltd. opened the office for the first time after 1992.*

    *Admit:*_____                    *Deny:*____x_____

The head of HMK testified in depositions that the HMK Ltd. opened the office for the first time in 2003. *See* Exhibit C. If Defendants refuse to admit this request, they should be sanctioned for providing false information in response to a request for admission and compelled to respond truthfully.

*Roberto Barahona's First Requests for Admission No. 15*: *Please admit that the interest rate in the Plaintiffs' Mortgage Loans increases to 18% upon default.*

*Defendant objects to the question as requested, the mortgage rate doesn't change, a default triggers other lending rights, including acceleration and application of the specified default rate of interest.*

    *Admit:*_____                    *Deny:*____x_____

*The rate may be increased to the maximum allowable rate on default, but it is not automatic. Variable and Adjustable Rate Transactions; 12 CFR 1026.18(f) and 1026.20(c) and (d) Closed-End Transactions, Generally: variable-rate disclosures are not applicable to rate increases resulting from delinquency, default, assumption, acceleration, or transfer of the collateral.*

Defendants should be compelled to admit this request and sanctioned because the Plaintiffs' mortgage documents show an interest rate of 18% upon default. Defendants' response is unnecessarily evasive and will only serve to impede efficiency at trial.

<u>*Roberto Barahona's First Requests for Admission No. 38*</u>: *Please admit that, for debt arising from consumer credit HMK Mortgage, LLC. has extended, the debt is initially payable to HMK Mortgage, LLC.*

*Defendant objects as there is no statutory designation of the defined term "consumer credit" With regard to whether a residential mortgage loan is considered "consumer credit", that depends entirely on what statute or regulation is the basis for the definition of "consumer". These discovery question do not specify which statutes or regulations form the basis for Plaintiff's claim that these mortgages were consumer credit. The statutes and regulations applicable in the mortgage business (RESPA, Truth in Lending/Reg. Z, Texas Finance Code, etc.) often contain their own specific definition of what constitutes a "consumer" transaction, but do not define a purchase money mortgage as "consumer credit". Subject to the foregoing objection, defendant answers*

  *Admit:*_____          *Deny:*\_\_\_\_\_x_____

Defendants should admit this request because the Plaintiffs' request includes plain English language terms that do not require knowledge or explanation of particular statutory language to answer. Defendants have no grounds to deny this request. The mortgage documents show that their monthly mortgage payments are payable to HMK Mortgage, LLC. Moreover, this Request for Admission seeks to establish a threshold matter that would require time-consuming additional testimony at trial. Defendants' response is unnecessarily evasive and will only serve to impede efficiency at trial.

<u>*Roberto Barahona's First Requests for Admission No. 41*</u>: *Please admit that HMK Ltd. gave more than 300 of its tenants Notices to Vacate on or around October 1, 2016.*

7

*Admit:*_____                                    *Deny:*_____

*RESPONSE: Defendant objects that the scope of discovery [of a non-party] requested as not relevant to plaintiff's claims or defenses and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Based upon the foregoing objection, defendant declines to answer this admission.*

<u>Roberto Barahona's Second Requests for Production of Documents No. 41</u>: *If you denied Roberto Barahona's Request for Admission No. 41, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.*

*RESPONSE:  All responsive documents have been previously provided, see objection and response to RFP #`1 incorporated herein, as if set forth fully hereby.*

<u>Martin Morales's Second Set of Requests for Production No. 1</u>: *If you denied that HMK Ltd. sent notices to vacate to at least two residential tenants in 2019, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.*

*RESPONSE:   N/A as to two notices sent, but denied that such persons were residential tenants.*

Defendant actually pleaded similar facts in its Original Answer, yet refused to answer Request for Admission No. 41 even as it relates to named Plaintiffs in this case. *See* Doc. 9, ¶9. It was widely reported in the media that HMK Ltd. gave notices to vacate to all of its tenants in 2016 because it claimed it was closing its rental business. Defendants also failed to produce any response or documents supporting its denial whatsoever. The responses are relevant to Plaintiffs claims under the DTPA and Defendants' justification for pressuring the Plaintiffs out of their leases and into predatory loans. A response to a Request for Admission can hardly be burdensome, so Defendants' objections must be overruled, the request must be admitted, and Defendants must produce the notices to vacate with the Plaintiffs' names on them.

<u>Martin Morales's First Requests for Admission No. 23</u>: *Admit that HMK Mortgage, LLC has extended mortgage contracts to persons and that those mortgage contracts are payable by agreement in more than four installments more than once in a 12-month period.*

8

*Admit:*_____   *Deny:*_____

*RESPONSE: Admitted that HMK Mortgage, LLC has extended mortgage contracts to persons who were tenants of HMK, LTD but denied that those mortgage contracts are payable by agreement in more than four installments more than once in a 12-month period, which is a consumer credit definition inapplicable to mortgage loans.*

<u>Martin Morales's First Set of Requests for Admission No. 29</u>: *Please admit that HMK Mortgage, LLC, is a lender which is regulated by the Consumer Financial Protection Bureau, Federal Trade Commission, or any other agency of the federal government.*

*RESPONSE: Can neither admit nor deny as "any other agency of the federal government" is too vague to respond in the disjunctive. Defendant admits it is regulated by the State of Texas and that it does not engage in Interstate Commerce.*

These requests for admission go to basic prerequisites that will need to be established at trial. Defendants should admit Request for Admission Nos. 23 and 29 because they are contradicted by unrebutted deposition testimony. Defendants' responses are evasive and will only serve to impede efficiency at trial and increase unnecessary witnesses and testimony.

<u>Martin Morales' Second Requests for Production of Documents No. 5</u>: *Please produce copies of the documents and contents of all files in Defendants' possession for each Plaintiff, whether in hard copy or electronic form.*

*RESPONSE:   Defendants indicate that "Barahona, Morales, and Campos documents have been previously provided," and then provide a list of documents.*

Plaintiffs are asking for particular documents with regard to this request. Defendants turned over portions of Mr. Morales's files on June 14, 2019 and on September 4, 2019, but have failed to provide Plaintiffs with Mr. Morales's Right of First Refusal. Plaintiffs' attorneys have received this same document for Mr. Barahona, one of the other two named plaintiffs in this case. Defendants have also failed to produce the following documents:

- Right of First Refusal for Martin Morales and Julian Campos
- Texas Notice of Penalties for Making a False or Misleading Statement for Julian Campos

9

- Exhibit A to Purchase & Sale Agreement for Julian Campos

- Loan Transmittal Memorandum for Martin Morales

- Texas Acknowledgement of Property Characterization and Homestead Requirements for Julian Campos and Martin Morales

- Initial Escrow Account Waiver for Premiums for Any and All Hazard Insurance for Julian Campos, Roberto Barahona and Martin Morales

- Notice of Closure of HMK Ltd/Notice to Vacate for Julian Campos, Roberto Barahona and Martin Morales

*Martin Morales's Second Requests for Production No. 4*: Please produce all documents relating to violations from Dallas Code Enforcement that the Defendants received for the years 2015 through the present.

RESPONSE:   [Defendants' objections are waived.]

These documents would show the condition of houses Defendants were attempting to force Plaintiffs to take on predatory loans to purchase and the reason Defendants decided to stop renting the houses to Plaintiffs. HMK's CEO testified that there were communications to and from governmental entities related to code violations. *See* Exhibit C. Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all objections, and must produce the requested documents. *See* Tex R. Civ. P. 33(b) and 34(b)(2).

*Martin Morales's Second Requests for Production No. 6*: Please produce the promissory notes, deeds of trusts, special warranty deeds, and all documents containing a right of first refusal provision for the following natural persons: Johnine Bailey, Juan Cantu, Jeremy Metzger, Irene Lopez, Beverly Myers, and any person to whom the Defendants sold a home within three years of this request who is not Hispanic or African-American. For each document produced responsive to this request, please identify that document by Bates Number. If Defendants claim certain limited

10

*information is confidential, it may be appropriate to redact this information, but this is not a proper reason to avoid producing the documents requested.*

*RESPONSE: Defendants' objections are waived.]*

This request is limited to very specific loan documents Defendants had five individuals sign and would demonstrate that Defendants did not subject all persons to the predatory terms to which they subjected Plaintiffs. Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all objections, and must produce the requested documents. *See* Tex R. Civ. P. 33(b) and 34(b)(2).

<u>Martin Morales's Second Requests for Production No. 8</u>: *Please produce sign-in sheets for the Defendants' office for the following dates: May 17, 2017 through June 1, 2017; September 20 through October 12, 2017; and October 2, 2018 through October 8, 2018. For each document produced responsive to this request, please identify that document by Bates Number.*

*RESPONSE: The sign in sheets responsive to this request are attached.*

Defendants only produced sign-in sheets for May 21, 2017; June 1, 2017, September 26, 2017, October 3, 2017, and October 12, 2017, while failing to produce any of the other existing, responsive documents. These documents would provide independent verification of the presence of parties and witnesses to the most relevant meetings and issues about which there is controversy in this case. Defendants do not object to this request and must produce the documents they failed to provide to date.

<u>Martin Morales's Second Requests for Production No. 11</u>: *Please produce all documents related to communications sent to or from the Defendants, including, but not limited to, their employees, regarding the decision to close down HMK Ltd.'s rental business.*

*RESPONSE:   The letters dated Aug-Sept. 2016 notifying tenants of the closure of HMK rentals under 92.055 of the Texas Property Code will be provided.*

Defendants never produced these documents, but must do so.

*Martin Morales's Second Requests for Production No. 32*: Please produce documents sufficient to show HMK Ltd.'s net worth within three years of this request, including 2016, 2017, 2018, and 2019. For each document produced responsive to this request, please identify that document by Bates Number.

*Martin Morales's Second Requests for Production No. 33*: Please produce documents sufficient to show HMK Mortgage, LLC's net worth within three years of this request, including 2016, 2017, 2018, and 2019. For each document produced responsive to this request, please identify that document by Bates Number.

*RESPONSE*: [Defendants' objections are waived.]

*Julian Campos's Third Set of Interrogatories No. 3*: Please identify and explain in detail HMK Ltd.'s net worth within three years of this request, including 2016, 2017, 2018, and 2019.

*RESPONSE*: [Defendants' objections are waived.]

*Julian Campos's Third Set of Interrogatories No. 4*: Please identify and explain in detail HMK Mortgage, LLC's net worth within three years of this request, including 2016, 2017, 2018, and 2019.

*RESPONSE*: [Defendants' objections are waived.]

Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all objections, and must produce the requested information and documents. *See* Tex R. Civ. P. 33(b) and 34(b)(2). Plaintiffs have claims for punitive damages against Defendants pursuant to the federal and state FHA, ECOA, and DTPA, so Defendants must turn over documents responsive to Requests for Production Nos. 32 and 33. With respect to Interrogatories Nos. 3 and 4, Defendants need only identify the net worth of HMK Ltd. and HMK Mortgage, LLC in the last few years. No other explanation is necessary.

## PRAYER

Pursuant to Rule 37(a)(3)(B)(iii) and (iv), Plaintiffs respectfully request that the Court strike Defendants' objections and order them to properly respond to the above discovery requests and produce documents that are responsive. Further, Plaintiffs ask that the Court to impose

sanctions on Defendants to cover the costs and attorney's fees associated with preparing this motion for their refusal to comply with discovery requests pursuant to Rule 37(a)(5)(A).

Dated: December 9, 2019.

                                                                          Respectfully submitted,

                                                                          /s/ Ann Maldonado Heaps
                                                                          John M. Hasley
Texas State Bar No. 24056951
Stephanie Champion
Texas State Bar No. 24105586

Legal Aid of NorthWest Texas
600 E. Weatherford Street
Fort Worth, Texas 76102
(817) 339-5315 (phone)
(817) 649-4759 (fax)
hasleyj@lanwt.org
champions@lanwt.org

Wayne Krause Yang
Texas State Bar No. 24032644
Ann Maldonado Heaps
Texas State Bar No. 24107434

Texas Legal Services Center
2101 S. IH 35 Frontage Road, Suite 300
Austin, Texas 78741
(512) 477-6000 (phone)
(512) 477-6576 (fax)
wyang@tlsc.org
aheaps@tlsc.org

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF CONFERENCE

    I hereby certify that Ann Maldonado Heaps and I have conferred with John H. Carney and Charles McGarry, counsel for Defendant HMK Mortgage, LLC, numerous times listed above over the course of the last year, over the phone and in writing, in attempts to get them to adequately respond to Plaintiffs' discovery requests, and that they continue to refuse to properly respond to the discovery requests listed above, thus necessitating this motion.

/s/ Wayne Krause Yang
Wayne Krause Yang

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been filed through the Electronic Case Files System of the Northern District of Texas on December 9, 2019, and therefore served on all counsel of record, including John H. Carney and Charles McGarry, counsel for Defendants.

/s/ Ann Maldonado Heaps
Ann Maldonado Heaps