IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN CAMPOS, ROBERTO BARAHONA, and MARTIN MORALES, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:18-cv-1362-X |
| HMK MORTGAGE, LLC and HMK, LTD., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENIING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PROPERLY RESPOND TO DISCOVERY REQUESTS**[1]

Plaintiffs Julian Campos, Roberto Barahona, and Martin Morales have a filed a Motion to Compel Defendants to Properly Respond to Discovery Requests, *see* Dkt. No. 48 (the "MTC"), under Federal Rules of Civil Procedure 37(a)(3)(B)(iii) and 37(a)(3)(B)(iv), "requesting the Court to compel Defendants HMK Mortgage, LLC and HMK, Ltd. [(together, "HMK")] to properly respond to Plaintiffs' discovery requests" and, "[s]pecifically, ... [to] strike Defendants' objections and compel complete and appropriate responses to specifically enumerated Interrogatories, Requests for Production, and Requests for Admission," *id.* at 1; *see also id.* at 12 ("Pursuant to Rule

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

-1-

37(a)(3)(B)(iii) and (iv), Plaintiffs respectfully request that the Court strike Defendants' objections and order them to properly respond to the above discovery requests and produce documents that are responsive.").

Plaintiffs assert that "Defendants have proffered evasive and incomplete discovery responses and are admittedly withholding relevant documents based on improper and unnecessary objections." *Id.* at 1. "Further, Plaintiffs ask that the Court to impose sanctions on Defendants to cover the costs and attorney's fees associated with preparing this motion for their refusal to comply with discovery requests pursuant to [Federal Rule of Civil Procedure] 37(a)(5)(A)." *Id.* at 12-13.

United States District Judge Brantley Starr has referred the MTC to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 50. HMK has not filed a response, and its deadline to do so has passed. *See* Dkt. No. 51 & 53.

The Court GRANTS in part and DENIES in part the MTC to the extent and for the reasons explained below.

The Court has laid out the standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel as to Federal Rule of Civil Procedure 34 requests for production and Federal Rule of Civil Procedure 33 interrogatories and a Federal Rule of Civil Procedure 36(a)(6) motion to determine the sufficiency of answers and objections to Rule 36 requests for admission, and the Court incorporates and will apply – but will not repeat – those standards here. *See Lopez v. Don Herring Ltd.*, 327 F.R.D.

567, 573-86 (N.D. Tex. 2018); *Longoria v. County of Dallas, Tex.*, No. 3:14-cv-3111-L, 2016 WL 6893625, at *4-*6 (N.D. Tex. Nov. 22, 2016).

I. Martin Morales's First Requests for Admission Nos. 24 & 25 and First Requests for Production ("RFP") Nos. 24 & 25

Plaintiffs lay out these requests and responses and explain:

Martin Morales's First Requests for Admission No. 24: Please admit that Defendant's office was renovated, altered, or modified after March 15, 2012.

  Admit:_____ Deny:_____x_____

Martin Morales's First Requests for Production No. 24: If you denied Martin Morales's Request for Admission No. 24, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.

RESPONSE: HMK Mortgage, LLC has no such documents.

Martin Morales's First Requests for Admission No. 25: Please admit that the parking lot outside of Defendant's office was renovated, altered, or modified after March 15, 2012.

  Admit:_____ Deny:_____x_____

Julian Campos's First Requests for Admission No. 5: Please admit that Defendant renovated, altered, or modified its parking lot after 2011.

  Admit:_____ Deny:_____x_____

Julian Campos's Second Requests for Production No. 5: If you denied Julian Campos's Request for Admission No. 5, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.

RESPONSE: All responsive documents have been previously provided, see objection and response to RFP #`1 incorporated herein, as if set forth fully hereby.

> Date-stamped satellite images indicate that Defendants falsely denied these Requests for Admission and failed to produce any documents responsive to Request for Production No. 5. Defendants should either admit or produce responsive documentation.

Dkt. No. 1 at 4-5.

Federal Rule of Civil Procedure 37 does not provide for a motion to compel answers to Rule 36 requests for admission. And, while the Court will treat the MTC as appropriate as a Federal Rule of Civil Procedure 36(a)(6) motion to determine the sufficiency of answers and objections to Rule 36 requests for admission, Rules 36(a)(6) and 37(a)(3)(B)(iv) do not authorize the Court to strike objections or order a party to provide a different answer to a request for admission or response to a request for production because the requesting party believes – or even proves – that the proffered answer or response is false.

Rather, Federal Rule of Civil Procedure 37(c)(2) makes sanction available as to Rule 36 requests where "a party fails to admit what is requested under Rule 36 and [] the requesting party later proves a document to be genuine or the matter true." FED. R. CIV. P. 37(c)(2); *see also Vantage Trailers, Inc. v. Beall Corp.*, No. Civ. A. H-06-3008, 2008 WL 4093691, at *2 (S.D. Tex. Aug. 28, 2008) ("Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true."); *accord* Fed. R. Civ. P. 36 advisory committee's note (1970) ("Rule 36 does not lack a sanction for false answers; Rule 37(c) furnishes an appropriate deterrent.").

In those circumstances, "the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in

making that proof," and Rule 37(c)(2) directs that "[t]he court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." FED. R. CIV. P. 37(c)(2); *see also Richard v. Inland Dredging Co., LLC,* No. 6:15-0654, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016) ("One commentator has stated that the 'reasonable grounds' exception is the most important consideration that justifies the refusal to make an award under Rule 37(c)." (internal quotation marks and citation omitted)); *Sparks v. Reneau Pub. Inc.*, 245 F.R.D. 583, 588 (E.D. Tex. 2007) ("Federal Rule of Civil Procedure 37(c)(2) provides that if a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, upon motion the Court 'shall' award the requesting party reasonable fees and expenses incurred in proving up those matters 'unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.' This rule leaves the Court with no discretion." (citation omitted; emphasis removed)).

Rule 36(a)(6) does not authorize the relief that Plaintiffs seek, and Plaintiffs have not explained how or why they believe HMK is improperly withholding documents responsive to RFP No. 25.

The Court DENIES without prejudice the MTC as to Martin Morales's First Requests for Admission Nos. 24 & 25 and First Requests for Production Nos. 24 & 25.

II. <u>Roberto Barahona's First Requests for Admission Nos. 4, 7, & 14</u>

Plaintiffs lay out these requests and HMK's answers and explain:

Roberto Barahona's First Requests for Admission No. 4: Please admit that HMK Mortgage, LLC, extended consumer credit which is payable by agreement in more than four installments more than once in a 12-month period.

  Admit:_____ Deny:____x_____

This Request for Admission seeks to establish a threshold matter under the Truth in Lending Act, under which the Plaintiffs have brought multiple claims. Under the Truth in Lending Act, the term "creditor" refers "only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C.A § 1602 (g). Defendants raised no objection and are unreasonable in denying this admission when they know full and well that the Plaintiffs signed mortgage loans with HMK Mortgage, LLC, a creditor under the Truth in Lending Act to which they are required to make monthly payments for 20 years.

Roberto Barahona's First Requests for Admission No. 7: Please admit that HMK Mortgage, LLC did not conduct a credit check on Roberto Barahona prior to October 12, 2017.

  Admit:_____ Deny:____x_____

Defendants' staff have testified in depositions that no credit check was conducted for any of the Plaintiffs at any time. *See* Exhibit C. If Defendants refuse to admit this request, they should be sanctioned for providing false information in response to a request for admission and compelled to respond truthfully.

> Roberto Barahona's First Requests for Admission No. 14: Please admit that HMK Ltd. opened the office for the first time after 1992.
>
> Admit:_____ Deny:_____x_____
>
> The head of HMK testified in depositions that the HMK Ltd. opened the office for the first time in 2003. *See* Exhibit C. If Defendants refuse to admit this request, they should be sanctioned for providing false information in response to a request for admission and compelled to respond truthfully.

Dkt. No. 1 at 5-6.

Rule 36(a)(6) does not authorize the Court to strike objections or order a party to provide a different answer or response to a request for admission or production because the requesting party believes – or even proves – that the proffered response or answer is false.

The Court DENIES without prejudice the MTC as to Roberto Barahona's First Requests for Admission Nos. 4, 7, and 14.

III. <u>Roberto Barahona's First Requests for Admission Nos. 15 & 38</u>

Plaintiffs lay out these requests and HMK's objections and answers and explain:

Roberto Barahona's First Requests for Admission No. 15: Please admit that the interest rate in the Plaintiffs' Mortgage Loans increases to 18% upon default.

Defendant objects to the question as requested, the mortgage rate doesn't change, a default triggers other lending rights, including acceleration and application of the specified default rate of interest.

Admit:_____ Deny:_____x_____

The rate may be increased to the maximum allowable rate on default, but it is not automatic. Variable and Adjustable Rate Transactions; 12 CFR 1026.18(f) and 1026.20(c) and (d) Closed-End Transactions, Generally: variable-rate disclosures are not applicable to rate increases resulting

from delinquency, default, assumption, acceleration, or transfer of the collateral.

Defendants should be compelled to admit this request and sanctioned because the Plaintiffs' mortgage documents show an interest rate of 18% upon default. Defendants' response is unnecessarily evasive and will only serve to impede efficiency at trial.

Roberto Barahona's First Requests for Admission No. 38: Please admit that, for debt arising from consumer credit HMK Mortgage, LLC. has extended, the debt is initially payable to HMK Mortgage, LLC.

Defendant objects as there is no statutory designation of the defined term "consumer credit" With regard to whether a residential mortgage loan is considered "consumer credit", that depends entirely on what statute or regulation is the basis for the definition of "consumer". These discovery question do not specify which statutes or regulations form the basis for Plaintiff's claim that these mortgages were consumer credit. The statutes and regulations applicable in the mortgage business (RESPA, Truth in Lending/Reg. Z, Texas Finance Code, etc.) often contain their own specific definition of what constitutes a "consumer" transaction, but do not define a purchase money mortgage as "consumer credit". Subject to the foregoing objection, defendant answers

Admit:_____ Deny:_____x_____

Defendants should admit this request because the Plaintiffs' request includes plain English language terms that do not require knowledge or explanation of particular statutory language to answer. Defendants have no grounds to deny this request. The mortgage documents show that their monthly mortgage payments are payable to HMK Mortgage, LLC. Moreover, this Request for Admission seeks to establish a threshold matter that would require time-consuming additional testimony at trial. Defendants' response is unnecessarily evasive and will only serve to impede efficiency at trial.

Dkt. No. 1 at 6-7.

Here, Plaintiffs do not like HMK's answers to Roberto Barahona's First Requests for Admission Nos. 15 and 38 – but HMK explained the bases for denying the requests, and Plaintiffs' disagreement with them does not merit relief under Rule 36(a)(6).

The Court DENIES the MTC as to Roberto Barahona's First Requests for Admission Nos. 15 and 38.

IV. Roberto Barahona's First Requests for Admission No. 41 and Second Requests for Production of Documents No. 41 and Martin Morales's Second Requests for <u>Production of Documents No. 1</u>

Plaintiffs lay out these requests and HMK's objections and answers and responses and explain:

> Roberto Barahona's First Requests for Admission No. 41: Please admit that HMK Ltd. gave more than 300 of its tenants Notices to Vacate on or around October 1, 2016.
>
> Admit:_____ Deny:_____
>
> RESPONSE: Defendant objects that the scope of discovery [of a non-party] requested as not relevant to plaintiff's claims or defenses and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. Based upon the foregoing objection, defendant declines to answer this admission.
>
> Roberto Barahona's Second Requests for Production of Documents No. 41: If you denied Roberto Barahona's Request for Admission No. 41, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.
>
> RESPONSE: All responsive documents have been previously provided, see objection and response to RFP #`1 incorporated herein, as if set forth fully hereby.
>
> Martin Morales's Second Set of Requests for Production No. 1: If you denied that HMK Ltd. sent notices to vacate to at least two residential tenants in 2019, please produce all documents that support or explain this denial. For each document produced responsive to this request, please identify that document by Bates Number.

RESPONSE: N/A as to two notices sent, but denied that such persons were residential tenants.

Defendant actually pleaded similar facts in its Original Answer, yet refused to answer Request for Admission No. 41 even as it relates to named Plaintiffs in this case. *See* Doc. 9, ¶9. It was widely reported in the media that HMK Ltd. gave notices to vacate to all of its tenants in 2016 because it claimed it was closing its rental business. Defendants also failed to produce any response or documents supporting its denial whatsoever. The responses are relevant to Plaintiffs claims under the DTPA and Defendants' justification for pressuring the Plaintiffs out of their leases and into predatory loans. A response to a Request for Admission can hardly be burdensome, so Defendants' objections must be overruled, the request must be admitted, and Defendants must produce the notices to vacate with the Plaintiffs' names on them.

Dkt. No. 1 at 7-8.

The Court is persuaded that, where Rule 36(a) requests for admission are subject to Rule 26(b)'s limits on the scope of discovery, *see* FED. R. CIV. P. 36(a)(1), the information that Plaintiffs seek in Roberto Barahona's First Requests for Admission No. 41 and Second Requests for Production of Documents Nos. 1 and 41 is relevant to Plaintiffs' claims and proportional to the needs of the case, and HMK has not shown that answering would be unduly burdensome.

Under Rules 36(a)(6) and 37(a)(3)(B)(iv), the Court GRANTS the MTC as to Roberto Barahona's First Requests for Admission No. 41 and Second Requests for Production of Documents Nos. 1 and 41 and orders HMK to, by **January 10, 2020**, serve amended responses – without objections – to, and – if HMK denies Roberto Barahona's First Requests for Admission No. 41 – produce all previously unproduced, responsive documents in response to, Roberto Barahona's First Requests for Admission

No. 41 and Second Requests for Production of Documents Nos. 1 and 41 in compliance with Federal Rules of Civil Procedure 36(a)'s and 34(b)'s requirements.

V.    Martin Morales's First Requests for Admission No. 23 and 29

Plaintiffs lay out these requests and HMK's objections and answers and explain:

Martin Morales's First Requests for Admission No. 23: Admit that HMK Mortgage, LLC has extended mortgage contracts to persons and that those mortgage contracts are payable by agreement in more than four installments more than once in a 12-month period.

Admit:_____ Deny:_____

RESPONSE: Admitted that HMK Mortgage, LLC has extended mortgage contracts to persons who were tenants of HMK, LTD but denied that those mortgage contracts are payable by agreement in more than four installments more than once in a 12-month period, which is a consumer credit definition inapplicable to mortgage loans.

Martin Morales's First Set of Requests for Admission No. 29: Please admit that HMK Mortgage, LLC, is a lender which is regulated by the Consumer Financial Protection Bureau, Federal Trade Commission, or any other agency of the federal government.

RESPONSE: Can neither admit nor deny as "any other agency of the federal government" is too vague to respond in the disjunctive. Defendant admits it is regulated by the State of Texas and that it does not engage in Interstate Commerce.

These requests for admission go to basic prerequisites that will need to be established at trial. Defendants should admit Request for Admission Nos. 23 and 29 because they are contradicted by unrebutted deposition testimony. Defendants' responses are evasive and will only serve to impede efficiency at trial and increase unnecessary witnesses and testimony.

Dkt. No. 1 at 8-9.

Plaintiffs do not like HMK's answer to Martin Morales's First Requests for Admission No. 23. But HMK explained the basis for admitting in part and denying in part, and Plaintiffs' disagreement does not merit relief under Rule 36(a)(6).

The Court DENIES the MTC as to Martin Morales's First Requests for Admission No. 23.

But HMK did not fully answer Martin Morales's First Requests for Admission No. 29 as Rule 36(a)(6) requires, including as to the specified federal agencies, and the Court is persuaded that HMK's vagueness objection lacks merit and overrules it. Under Rule 36(a)(6), the Court GRANTS the MTC as to Martin Morales's First Requests for Admission No. 29 and orders HMK to, by **January 10, 2020**, serve an amended answer or objection in compliance with Federal Rules of Civil Procedure 36(a)'s requirements.

VI. <u>Martin Morales's Second Requests for Production of Documents Nos. 5 and 8</u>

Plaintiffs lay out these requests and HMK's responses and explain:

Martin Morales's Second Requests for Production of Documents No. 5: Please produce copies of the documents and contents of all files in Defendants' possession for each Plaintiff, whether in hard copy or electronic form.

RESPONSE: Defendants indicate that "Barahona, Morales, and Campos documents have been previously provided," and then provide a list of documents.

   Plaintiffs are asking for particular documents with regard to this request. Defendants turned over portions of Mr. Morales's files on June 14, 2019 and on September 4, 2019, but have failed to provide Plaintiffs with Mr. Morales's Right of First Refusal. Plaintiffs' attorneys have received this same document for Mr. Barahona, one of the other two

named plaintiffs in this case. Defendants have also failed to produce the following documents:
- Right of First Refusal for Martin Morales and Julian Campos
- Texas Notice of Penalties for Making a False or Misleading Statement for Julian Campos
- Exhibit A to Purchase & Sale Agreement for Julian Campos
- Loan Transmittal Memorandum for Martin Morales
- Texas Acknowledgement of Property Characterization and Homestead Requirements for Julian Campos and Martin Morales
- Initial Escrow Account Waiver for Premiums for Any and All Hazard Insurance for Julian Campos, Roberto Barahona and Martin Morales
- Notice of Closure of HMK Ltd/Notice to Vacate for Julian Campos, Roberto Barahona and Martin Morales

....

Martin Morales's Second Requests for Production No. 8: Please produce sign-in sheets for the Defendants' office for the following dates: May 17, 2017 through June 1, 2017; September 20 through October 12, 2017; and October 2, 2018 through October 8, 2018. For each document produced responsive to this request, please identify that document by Bates Number.

RESPONSE: The sign in sheets responsive to this request are attached.

Defendants only produced sign-in sheets for May 21, 2017; June 1, 2017, September 26, 2017, October 3, 2017, and October 12, 2017, while failing to produce any of the other existing, responsive documents. These documents would provide independent verification of the presence of parties and witnesses to the most relevant meetings and issues about which there is controversy in this case. Defendants do not object to this request and must produce the documents they failed to provide to date.

Martin Morales's Second Requests for Production No. 11: Please produce all documents related to communications sent to or from the Defendants, including, but not limited to, their employees, regarding the decision to close down HMK Ltd.'s rental business.

RESPONSE: The letters dated Aug-Sept. 2016 notifying tenants of the closure of HMK rentals under 92.055 of the Texas Property Code will be provided.

Defendants never produced these documents, but must do so.

Dkt. No. 1 at 9-10, 11.

Without objection, the Court is persuaded that the documents that Plaintiffs seek in Martin Morales's Second Requests for Production of Documents Nos. 5, 8, and 11 are relevant to Plaintiffs' claims and proportional to the needs of the case and, under Rule 37(a)(3)(B)(iv), GRANTS the MTC as Martin Morales's Second Requests for Production of Documents Nos. 5, 8, and 11.

The Court orders HMK to, by **January 10, 2020**, serve an amended response – without objections – to, and, produce all previously unproduced, responsive documents in HMK's possession, custody, or control in response to, Martin Morales's Second Requests for Production of Documents Nos. 5, 8, and 11 in compliance with Federal Rules of Civil Procedure 34(b)'s requirements.

VII. <u>Martin Morales's Second Requests for Production of Documents Nos. 4 and 6</u>

Plaintiffs lay out these requests and HMK's objections and responses and explain:

> Martin Morales's Second Requests for Production No. 4: Please produce all documents relating to violations from Dallas Code Enforcement that the Defendants received for the years 2015 through the present.
>
> RESPONSE: [Defendants' objections are waived.]
>
> These documents would show the condition of houses Defendants were attempting to force Plaintiffs to take on predatory loans to purchase and the reason Defendants decided to stop renting the houses to Plaintiffs. HMK's CEO testified that there were communications to and from governmental entities related to code violations. *See* Exhibit C. Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all

-14-

objections, and must produce the requested documents. *See* Tex R. Civ. P. 33(b) and 34(b)(2).

Martin Morales's Second Requests for Production No. 6: Please produce the promissory notes, deeds of trusts, special warranty deeds, and all documents containing a right of first refusal provision for the following natural persons: Johnine Bailey, Juan Cantu, Jeremy Metzger, Irene Lopez, Beverly Myers, and any person to whom the Defendants sold a home within three years of this request who is not Hispanic or African-American. For each document produced responsive to this request, please identify that document by Bates Number. If Defendants claim certain limited information is confidential, it may be appropriate to redact this information, but this is not a proper reason to avoid producing the documents requested.

RESPONSE: [Defendants' objections are waived.]

This request is limited to very specific loan documents Defendants had five individuals sign and would demonstrate that Defendants did not subject all persons to the predatory terms to which they subjected Plaintiffs. Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all objections, and must produce the requested documents. See Tex R. Civ. P. 33(b) and 34(b)(2).

Dkt. No. 1 at 10-11.

The Court is persuaded that – even if HMK's late-served objections were not waived – the documents that Plaintiffs seek in Martin Morales's Second Requests for Production of Documents Nos. 4 and 6 are relevant to Plaintiffs' claims and proportional to the needs of the case, and HMK has not shown that responding would be unduly burdensome.

Under Rule 37(a)(3)(B)(iv), the Court GRANTS the MTC as Martin Morales's Second Requests for Production of Documents Nos. 4 and 6 and orders HMK to, by **January 10, 2020**, serve an amended response – without objections – to, and, produce

objections, and must produce the requested documents. *See* Tex R. Civ. P. 33(b) and 34(b)(2).

Martin Morales's Second Requests for Production No. 6: Please produce the promissory notes, deeds of trusts, special warranty deeds, and all documents containing a right of first refusal provision for the following natural persons: Johnine Bailey, Juan Cantu, Jeremy Metzger, Irene Lopez, Beverly Myers, and any person to whom the Defendants sold a home within three years of this request who is not Hispanic or African-American. For each document produced responsive to this request, please identify that document by Bates Number. If Defendants claim certain limited information is confidential, it may be appropriate to redact this information, but this is not a proper reason to avoid producing the documents requested.

RESPONSE: [Defendants' objections are waived.]

This request is limited to very specific loan documents Defendants had five individuals sign and would demonstrate that Defendants did not subject all persons to the predatory terms to which they subjected Plaintiffs. Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all objections, and must produce the requested documents. See Tex R. Civ. P. 33(b) and 34(b)(2).

Dkt. No. 1 at 10-11.

The Court is persuaded that – even if HMK's late-served objections were not waived – the documents that Plaintiffs seek in Martin Morales's Second Requests for Production of Documents Nos. 4 and 6 are relevant to Plaintiffs' claims and proportional to the needs of the case, and HMK has not shown that responding would be unduly burdensome.

Under Rule 37(a)(3)(B)(iv), the Court GRANTS the MTC as Martin Morales's Second Requests for Production of Documents Nos. 4 and 6 and orders HMK to, by **January 10, 2020**, serve an amended response – without objections – to, and, produce

all previously unproduced, responsive documents in HMK's possession, custody, or control in response to, Martin Morales's Second Requests for Production of Documents Nos. 4 and 6 in compliance with Federal Rules of Civil Procedure 34(b)'s requirements.

VIII. Martin Morales's Second Requests for Production of Documents Nos. 32 and 33 and Julian Campos's Third Set of Interrogatories Nos. 3 and 4

Plaintiffs lay out these requests and interrogatories and HMK's objections and responses and explain:

> Martin Morales's Second Requests for Production No. 32: Please produce documents sufficient to show HMK Ltd.'s net worth within three years of this request, including 2016, 2017, 2018, and 2019. For each document produced responsive to this request, please identify that document by Bates Number.
>
> Martin Morales's Second Requests for Production No. 33: Please produce documents sufficient to show HMK Mortgage, LLC's net worth within three years of this request, including 2016, 2017, 2018, and 2019. For each document produced responsive to this request, please identify that document by Bates Number.
>
> RESPONSE: [Defendants' objections are waived.]
>
> Julian Campos's Third Set of Interrogatories No. 3: Please identify and explain in detail HMK Ltd.'s net worth within three years of this request, including 2016, 2017, 2018, and 2019.
>
> RESPONSE: [Defendants' objections are waived.]
>
> Julian Campos's Third Set of Interrogatories No. 4: Please identify and explain in detail HMK Mortgage, LLC's net worth within three years of this request, including 2016, 2017, 2018, and 2019.
>
> RESPONSE: [Defendants' objections are waived.]
>
> Defendants failed to make any objections within 30 days (or 60) days of being served on May 31, 2019 with this request, and therefore waived all objections, and must produce the requested information and documents. *See* Tex R. Civ. P. 33(b) and 34(b)(2). Plaintiffs have claims

> for punitive damages against Defendants pursuant to the federal and state FHA, ECOA, and DTPA, so Defendants must turn over documents responsive to Requests for Production Nos. 32 and 33. With respect to Interrogatories Nos. 3 and 4, Defendants need only identify the net worth of HMK Ltd. and HMK Mortgage, LLC in the last few years. No other explanation is necessary.

Dkt. No. 1 at 12.

The Court is persuaded that – even if HMK's late-served objections were not waived – the documents and information that Plaintiffs seek in Martin Morales's Second Requests for Production of Documents Nos. 32 and 33 and Julian Campos's Third Set of Interrogatories Nos. 3 and 4 are relevant to Plaintiffs' claims and proportional to the needs of the case, and HMK has not shown that responding would be unduly burdensome.

The Court disagrees that Plaintiffs must first prove up punitive damages before receiving this information. *See, e.g.*, *Curlee v. United Parcel Serv., Inc. (Ohio)*, No. 3:13-cv-344-P, 2014 WL 4262036, at *2 (N.D. Tex. Aug. 29, 2014) ("A defendant's net worth is relevant in a suit involving exemplary damages.").

And, as the Court has previously explained, "[t]ax returns are neither privileged nor undiscoverable" but that "[t]hey do, however, contain sensitive information and should be produced only after a showing of relevance by the party seeking production, after which the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained." *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 587 (N.D. Tex. 2016) (internal quotation marks omitted). Plaintiffs have explained why, if tax returns are necessary

-17-

to sufficiently show HMK's net worth, tax returns would be relevant, and HMK has not shown otherwise.

Under Rules 37(a)(3)(B)(iii) and 37(a)(3)(B)(iii)(iv), the Court GRANTS the MTC as Martin Morales's Second Requests for Production of Documents Nos. 4 and 6 and Julian Campos's Third Set of Interrogatories Nos. 3 and 4.

The Court orders HMK to, by **January 10, 2020**, serve an amended response – without objections – to, and, produce all previously unproduced, responsive documents in HMK's possession, custody, or control in response to, Martin Morales's Second Requests for Production of Documents Nos. 32 and 33 in compliance with Federal Rules of Civil Procedure 34(b)'s requirements and to, by **January 10, 2020**, serve an amended answer – without objections – to Julian Campos's Third Set of Interrogatories Nos. 3 and 4 that – without any additional explanation – identifies the net worth of HMK Ltd. and HMK Mortgage, LLC in 2016, 2017, 2018, and 2019.

IX. Award of expenses

By **January 17, 2020**, HMK must also file a response explaining why the Court should not enter an order requiring Defendants HMK Mortgage, LLC and HMK, Ltd. or their counsel to pay Plaintiffs Julian Campos, Roberto Barahona, and Martin Morales, under Federal Rules of Civil Procedure 37(a)(5)(C) and 36(a)(6), the expenses, including attorneys' fees, that Plaintiffs incurred in having its attorneys draft and file this MTC to the extent that the Court has granted it.

If HMK files this response, Plaintiffs may file a reply in support of an award of expenses under Rules 37(a)(5)(C) and 36(a)(6) – as they have requested, *see* Dkt. No. 53 – by **January 31, 2020**.

SO ORDERED.

DATED: December 26, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE